UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MYCOLA PANCHISHAK,                   :     08 Civ. 6448 (WHP)

            Plaintiff,            :
                                      MEMORANDUM AND ORDER
    -against-                       :

DEPARTMENT OF HOMELAND             :
SECURITY, et al.,
                                   :
            Defendants.
------------------------------------X
WILLIAM H. PAULEY III, District Judge:

        Plaintiff Mycola Panchishak ("Panchishak") brings this action seeking an adjustment of status to permanent resident under 8 U.S.C. § 1255 and an award of money damages. Defendants the United States Department of Homeland Security ("DHS") and the United States Citizenship and Immigration Services ("CIS") move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, Defendants' motion to dismiss is denied.

## BACKGROUND

        CIS granted Panchishak's application for political asylum on August 2, 2001. (Complaint dated June 23, 2008 ("Compl.") at 1.) In his application, Panchishak disclosed that he had been a member of the Congress of the Ukrainian Nationalists ("KUN"). (Declaration of Neil M. Jacobson dated Mar. 6, 2009 ("Jacobson Decl.") ¶ 8.) Panchishak distributed flyers and leaflets in connection with his membership in KUN. (Jacobson Decl. ¶ 11.) KUN has been determined to be a Tier III undesignated terrorist organization under 8 U.S.C. §

1

1182(a)(3)(B)(vi)(III), which provides that a group of two or more individuals who engage in certain enumerated activities is a terrorist organization. (Jacobson Decl. ¶ 8.)

On May 28, 2003, Panchishak applied for adjustment of status to permanent resident ("green card" holder). (Compl. at 1; Jacobson Decl. ¶ 3.) In 2003, asylum-based adjustment of status applications were subject to an annual cap of 10,000. (Jacobson Decl. ¶ 4.) Consequently, Panchishak faced an approximately nine year waiting period when he filed his application. (Jacobson Decl. ¶ 4.) In May 2005, the REAL ID Act lifted the admissions cap on asylum-based adjustments. (Jacobson Decl. ¶ 5.) The REAL ID Act also revised the definition of "terrorist activities" to include providing material support to terrorist organizations. That revision disqualified applicants seeking adjustment if they provided material support to a terrorist organization. (Jacobson Decl. ¶ 7.) However, in December 2007, the Consolidated Appropriations Act gave the Secretary of DHS unreviewable authority to make exceptions to certain inadmissibility grounds relating to Tier III terrorist organizations. (Jacobson Decl. ¶ 12.) In connection with this authority, the Deputy Director of CIS instructed adjudicators to withhold adjudication of cases that could benefit from such an exception. (Jacobson Decl. ¶ 13.) Panchishak's application was withheld from adjudication pursuant to this instruction. (Jacobson Decl. ¶ 14.) At present, CIS has not acted on Panchishak's application.

## DISCUSSION

### I. Legal Standard

A dismissal for lack of subject matter jurisdiction is appropriate where the court lacks authority to decide the case. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). On a motion to dismiss for lack of subject matter jurisdiction, the Court must accept all material

factual allegations in the complaint as true. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Additionally, the court may consider materials beyond the pleadings to resolve jurisdictional questions. Makarova, 201 F.3d at 113. Plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. See Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002).

## II. Jurisdiction to Compel Issuance of a Green Card

Under section 1252 of the Immigration and Naturalization Act ("INA"), this Court is prohibited from reviewing "any judgment regarding the granting of relief under section . . . 1255 [of the INA]," which provides for an adjustment of status to permanent resident. 8 U.S.C. § 1252(a)(2)(B)(i); see also Montoya v. Mukasey, 270 Fed. App'x 62, 63 (2d Cir. 2008) (courts "lack jurisdiction to review the [Immigration Judge]'s discretionary denial of an adjustment of status"). Accordingly, this Court lacks jurisdiction to compel the issuance of a green card.

## III. Jurisdiction to Compel Adjudication

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 89 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Courts "must construe pro se complaints liberally" and read them to raise the strongest arguments that they suggest. Lerman v. Bd. of Elections, 232 F.3d 135, 140 (2d Cir.2000); see also Taylor v. Dep't of Educ., 313 F.3d 768, 776 (2d Cir.2002). Accordingly, while Panchishak appears to seek an order directing CIS to grant his

3

application, this Court liberally construes his complaint to seek an order directing adjudication of his application.

No court of appeals has addressed the question of whether a court has jurisdiction to compel adjudication of an application. Nigmadzhanov v. Mueller, 550 F. Supp. 2d 540, 545 (S.D.N.Y. 2008). District courts are divided on this question. See Nigmadzhanov, 550 F. Supp. 2d at 544-5 (collecting cases).

Initially, this Court must consider whether section 1252 of the INA precludes subject matter jurisdiction. Section 1252 provides that no court has jurisdiction to review any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). A majority of district courts have concluded that section 1252 does not preclude jurisdiction over a claim to compel adjudication of an application, because the claim does not involve "a decision or action, but rather the Attorney General's failure to make a decision or to take an action at a pace acceptable to plaintiffs." Batista v. U. S. I.N.S., 99 Civ. 2847 (MBM), 2000 WL 204535, at *2 (S.D.N.Y. Feb. 22, 2000); see also Nigmadzhanov, 550 F. Supp. 2d at 547 (section 1252 does not bar review of the failure "to act within a reasonable time on [Plaintiff's] application for adjustment"); Koren v. Chertoff, 07 Civ. 157 (PCD), 2007 WL 1431948, at *5 (D. Conn. May 14, 2007) (section 1252 "does not divest this Court of subject matter jurisdiction over Plaintiffs' claim that the adjudication of their applications for adjustment of status has been unreasonably delayed"); Bondarenko v. Chertoff, 07 MC 2 (WMS), 2007 WL 2693642, at *5 (W.D.N.Y. Sept. 11, 2007) (section 1252 "does not bar claims of a failure to adjudicate or adjudicatory delay"). But see Safadi v. Howard, 466 F. Supp. 2d 696, 700 (E.D. Va. 2006) (section 1252 precludes

4

judicial review of any part of the ongoing adjudication process). This Court agrees with the majority of courts that have addressed this question and holds that Section 1252 does not preclude jurisdiction over a claim to compel adjudication of Panchishak's application.

A court has federal question jurisdiction over a claim where: (1) the claim turns on an interpretation of United States laws; and (2) the claim is not patently without merit. See Batista, 2000 WL 204535, at *3. The Administrative Procedure Act ("APA"), which requires that, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it," Kim v. Ashcroft, 340 F. Supp. 2d 384, 388-89 (S.D.N.Y. 2004) (citing 5 U.S.C. § 555(b)), provides a basis for federal question jurisdiction to compel adjudication of an application for adjustment of status. See Nigmadzhanov, 550 F. Supp. 2d at 547-48 (finding that the plaintiff sufficiently established federal question jurisdiction by alleging an "unreasonable delay" under the APA); Bondarenko, 2007 WL 2693642, at *10 (same); Kim, 340 F. Supp. 2d at 388 (same); Batista, 2000 WL 204535, at *4 (same). But see Zheng v. Reno, 166 F. Supp. 2d 875, 880 (S.D.N.Y. 2001) ("[N]either the APA on its own nor the APA in conjunction with Section 1331 is sufficient to confer subject matter jurisdiction on this Court.").

Next, this Court must determine whether Panchishak's claim is patently without merit. The test is whether the claim is so "insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy. In deciding the issue of jurisdiction it is not necessary to determine whether the cause of action is one on which the plaintiff could actually recover." N. Y. Dist. Attorney Investigators Police Benevolent Ass'n, Inc. v. Richards, 711 F.2d 8, 10 (2d Cir. 1983) (alteration in original) (internal quotation marks and citations omitted). Panchishak's claim that the

5

adjudication of his application has been unreasonably delayed for more than six years is not patently without merit. See Nigmadzhanov, 550 F. Supp. 2d at 547 ("[I]t is unnecessary to decide precisely what is 'reasonable' at this juncture, as Plaintiff's allegation that a five (now six and one half) year delay is unreasonable is not without merit."); Kim, 340 F. Supp. 2d at 391 ("Because it cannot be said that [Plaintiff's claim that a forty-two month delay is unreasonable] is patently without merit, this Court has subject matter jurisdiction."); Bartolini v. Ashcroft, 226 F. Supp. 2d 350, 354 (D. Conn. 2002) (plaintiff's claim is not patently without merit where adjudication had been delayed for approximately one year); Batista, 2000 WL 204535, at *4 (plaintiff's claim that a thirty-eight month delay is unreasonable is not patently without merit).

This Court acknowledges that Panchishak's application was withheld deliberately from adjudication to afford him the benefit of favorable consideration in connection with statutory changes concerning terrorist organizations and activities. However, while a six-year delay may not be unreasonable given the complex political and security interests at stake in the immigration arena, see, e.g., I.N.S. v. Abudu, 485 U.S. 94, 110 (1988) ("INS officials must exercise especially sensitive political functions that implicate questions of foreign relations"), the narrow issue presented to this Court by the Defendants is whether subject matter jurisdiction exists. Because this Court concludes that subject matter jurisdiction exists, Defendants' motion to dismiss the complaint is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied. The Court will hold a status conference on August 20, 2009 at 10:00 a.m.

Dated: July 15, 2009
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies mailed to:*

Mycola Panchishak
81-A, Heitman Drive
Spring Valley, NY 10977
*Pro Se Plaintiff*

David Bober, Esq.
Assistant United States Attorney
86 Chambers Street, 3d Floor
New York, NY 10007
*Counsel for Defendants*

7