```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
MYCOLA PANCHISHAK,              :
                                     08 Civ. 6448 (WHP)
                Plaintiff,      :
                                     ORDER
       -against-                :

UNITED STATES DEPARTMENT OF     :
HOMELAND SECURITY, et ano.,
                                :
                Defendants.
------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/22/10

WILLIAM H. PAULEY III, District Judge:

Plaintiff Mycola Panchishak ("Panchishak") seeks an adjustment of immigration status to lawful permanent resident under 8 U.S.C. § 1255 and an award of money damages. By Memorandum and Order dated September 29, 2010, this Court granted the Government's motion to dismiss his complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Panchishak v. Dep't of Homeland Sec., No. 08 Civ. 6448 (WHP), 2010 WL 3958772 (S.D.N.Y. Sept. 29, 2010). Panchishak now moves for reconsideration of the Court's September 29, 2010 Memorandum and Order. For the following reasons, Panchishak's motion for reconsideration is denied.

## DISCUSSION

A motion for reconsideration under Local Rule 6.3 "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion "cannot assert new arguments or claims which were not before the court on the original motion."

Koehler v. Bank of Berm. Ltd., No. M 18-302 (CSH), 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005). Reconsideration is not an invitation for parties to "treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." De Los Santos v. Fingerson, No. 97 Civ. 3972 (MBM), 1998 WL 788781, at *1 (S.D.N.Y. Nov. 12, 1998). The standard for reconsideration is strict and the decision is "within the sound discretion of the district court." Colodnev v. Continuum Health Partners, Inc., No. 03 Civ. 7276 (DLC), 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004).

Panchishak's motion for reconsideration does not offer any new evidence or cite any controlling authority that was overlooked. Instead, Panchishak asks this Court to reconsider the affirmation he filed in opposition to the motion to dismiss. Because this Court thoroughly considered Panchishak's affirmation on the motion to dismiss, reconsideration is not warranted.

## CONCLUSION

For the foregoing reasons, Panchishak's motion for reconsideration of this Court's September 29, 2010 Memorandum and Order is denied.

Dated: November 22, 2010
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies Mailed To:*

Mycola Panchishak
17 Amundsen Lane
New City, NY 10956
*Plaintiff Pro Se*

David Vincent Bober, Esq.
U.S. Attorney's Office, SDNY
86 Chambers Street
New York, NY 10004
*Counsel for Defendants*